IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-188-D

| | |
|---|---|
| AARON M. KINLAW, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE CHEMOURS COMPANY FC, LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

On September 15, 2020, Aaron M. Kinlaw, Kristina H. Kinlaw, K.K., D.K., C.K., Freddie E. Tyus, Marilou B. Tyus, Catherine B. Bass, William P. Edge, Nancy R. Edge, Phillip A. Edge, Caitlin A. Barnes, Troy D. Hill, Mary F. S. Hill, Richard A. Lohr, Jr., Sherri L. Lohr, M.F.L., Robert E. L. Lucas, Theresa M. Lucas, David P. Smith, Emma M. Smith, Wade H. Singletary, Denise Singletary, Joshua Singletary, Mark Vaughn, Tonja Vaughn, John D. Cain, Lola A. F. Cain, Tracy D. Cain, H.N.S., J.P.S., and Clyde T. Furr (collectively, "plaintiffs") filed this action in Bladen County Superior Court against The Chemours Company FC, LLC ("Chemours FC"), The Chemours Company ("Chemours"), E.I. DuPont de Nemours and Company, Inc. ("DuPont"), E.I. DuPont Chemical Corporation ("DuPont Chemical"),[1] Corteva, Inc., and DuPont de Nemours, Inc. (collectively, the "corporate defendants"), and Ellis H. McGaughy ("McGaughy"), Brian D. Long ("Long"), and Michael E. Johnson ("Johnson") (collectively, the "N.C. defendants") (altogether, "defendants"). See Compl. [D.E. 1-1] 12–84. On October 6, 2020, defendants jointly and timely

---

[1] Defendants contend there is no entity called E.I. DuPont Chemical Corporation. See [D.E. 1-2] 2; [D.E. 61] 1 n.1.

removed the action to this court based on federal diversity jurisdiction under 28 U.S.C. § 1332 [D.E. 1]. On October 13, 2020, defendants moved to dismiss for failure to state a claim [D.E. 13] and filed a memorandum in support [D.E. 14]. On November 25, 2020, plaintiffs filed a motion to remand the action to state court [D.E. 59] and filed a memorandum in support and exhibits [D.E. 60]. Plaintiffs contend complete diversity does not exist due to their tort claims against the N.C. defendants. On December 30, 2020, defendants responded in opposition [D.E. 61]. On February 8, 2021, plaintiffs replied [D.E. 68].

As explained below, for the reasons discussed in Lohr v. Chemours Co. FC, LLC, No. 7:20-CV-189-D, slip op. at 8–20 (E.D.N.C. Sept. 27, 2021), plaintiffs fraudulently joined defendant Long and fraudulently asserted a private nuisance claim against defendants McGaughy and Johnson. Thus, the court dismisses Long and dismisses the private nuisance claim against McGaughy and Johnson. Nonetheless, because plaintiffs have alleged possible causes of action against McGaughy and Johnson for trespass to real property, negligence, and negligent failure to warn, complete diversity does not exist. Accordingly, the court remands the action to Bladen County Superior Court.

I.

The action concerns the alleged release of perfluorinated chemicals ("PFCs"), also known as perfluoroalkyl substances ("PFAS"), from the Fayetteville Works Site. See Compl. ¶¶ 1, 33–34. Nearly verbatim, the complaint alleges the same facts as Lohr concerning the same defendants. Compare id. ¶¶ 15–154 with Compl. ¶¶ 48–188, Lohr, No. 7:20-CV-189-D (E.D.N.C. Oct. 6, 2020), [D.E. 1-1] [hereinafter Lohr Compl.]. The facts form the basis for the same claims for trespass to real property, private nuisance, negligence, and negligent failure to warn against the N.C. defendants as in Lohr. Compare Compl. ¶¶ 174–98, 207–13 with Lohr Compl. ¶¶ 208–32, 241–47.

This action differs from Lohr in that instead of alleging property damage, plaintiffs allege that

2

through the operation of the Fayetteville Works Site, defendants "released toxic PFAS chemicals to the air, soil, and groundwater," causing plaintiffs to suffer "an increased risk of illness, disease or other disease process," resulting in the "need to incur the costs of reasonably medically necessary diagnostic testing for the early detection of illness, disease or disease processes." Compl. ¶¶ 155–62. Thus, in addition to the damages sought in Lohr, plaintiffs in this action seek medical monitoring. See id. at 83. This action also alleges a battery claim against all defendants. See id. ¶¶ 234–44.

II.

On October 6, 2020, defendants jointly removed the action to this court pursuant to 28 U.S.C. § 1441 [D.E. 1]. On November 25, 2020, plaintiffs moved to remand the action to state court, arguing that the court lacks subject-matter jurisdiction based on diversity of citizenship because McGaughy, Johnson, and Long are North Carolina citizens [D.E. 59].

Plaintiffs are citizens of North Carolina for purposes of diversity jurisdiction. See Compl. ¶¶ 2–14; [D.E. 59] ¶ 3; [D.E. 61] 2. The corporate defendants are citizens of Delaware. See Compl. ¶¶ 15–19. Defendants McGaughy, Johnson, and Long are citizens of North Carolina. See id. ¶¶ 20, 22, 24. Thus, plaintiffs argue that suing the N.C. defendants destroys complete diversity and renders removal improper. See [D.E. 59] ¶ 4; [D.E. 60].[2] Defendants respond that plaintiffs fraudulently joined the N.C. defendants to avoid federal jurisdiction. See [D.E. 61] 4–12.

The parties' arguments duplicate nearly verbatim those made in Lohr. Compare [D.E. 59–61, 68] with Lohr, No. 7:20-CV-189-D (E.D.N.C.), [D.E. 97–99, 106]. Thus, the court incorporates into this order its fraudulent joinder analysis in Lohr. See Lohr, No. 7:20-CV-189-D, slip op. at 8–20.

This action differs slightly from Lohr, but those differences do not alter the outcome. For

---

[2] Defendants contend that the amount in controversy exceeds $75,000, exclusive of interest and costs. See [D.E. 1] ¶¶ 15–19. Plaintiffs do not dispute this contention. Cf. [D.E. 59, 60, 68].

3

example, plaintiffs assert an additional claim in count nine, alleging that defendants' release of toxic chemicals constitutes a battery against plaintiffs. See Compl. ¶¶ 234–44.[3] The battery claim does not change the other possible causes of action.

Defendants argue that plaintiffs' medical monitoring claims support their argument that plaintiffs fraudulently joined the N.C. defendants, citing this court's decisions dismissing medical monitoring claims. See [D.E. 1] ¶ 36 (citing Nix v. Chemours Co. FC, LLC, 456 F. Supp. 3d 748, 764–65 (E.D.N.C. 2019) and Order, Nix v. Chemours Co. FC, LLC, No. 7:17-CV-189-D (E.D.N.C. Sept. 24, 2020); [D.E. 61] 11–12. Plaintiffs respond that "North Carolina law does not 'plainly' prohibit" damages for medical monitoring, even if it prohibits a claim for medical monitoring as a standalone cause of action. [D.E. 59] ¶¶ 11–13; see [D.E. 60] 28–29; [D.E. 68] 10–11.

The court declines to address the availability of medical monitoring in this action. The availability of medical monitoring does not affect whether plaintiffs assert a possible cause of action against McGaughy and Johnson for trespass to real property, negligence, and negligent failure to warn. They do. Even if plaintiffs cannot recover medical monitoring, they possibly could recover the other monetary relief they seek, meaning they state a possible claim for relief. See Lohr, No.

---

[3] "A battery is the offensive touching of the person of another without his/her consent." Holleman v. Aiken, 193 N.C. App. 484, 504, 668 S.E.2d 579, 592 (2008) (quotations omitted); see Sargent v. Edwards, 257 N.C. App. 540, 808 S.E.2d 927, 2018 WL 414332, at *6 (2018) (unpublished table decision); Wilkerson v. Duke Univ., 229 N.C. App. 670, 675, 748 S.E.2d 154, 159 (2013); City of Greenville v. Haywood, 130 N.C. App. 271, 275, 502 S.E.2d 430, 433 (1998). A battery claim requires: (1) intent, (2) harmful or offensive contact, (3) causation, and (4) lack of privilege. See Sargent, 2018 WL 414332, at *6; Redding v. Shelton's Harley Davidson, Inc., 139 N.C. App. 816, 820, 534 S.E.2d 656, 658 (2000); Hawkins v. Hawkins, 101 N.C. App. 529, 533, 400 S.E.2d 472, 475 (1991), aff'd, 331 N.C. 743, 417 S.E.2d 447 (1992). "The intent required to prove battery is intent to act, i.e., the intent to cause harmful or offensive contact, not the intent to injure." Russ v. Great Am. Ins. Cos., 121 N.C. App. 185, 188, 464 S.E.2d 723, 725 (1995); see Andrews v. Peters, 75 N.C. App. 252, 256, 330 S.E.2d 638, 641 (1985), aff'd, 318 N.C. 133, 347 S.E.2d 409 (1986).

4

7:20-CV-189-D, slip op. at 11–20; cf. Compl. at 83–84.

As discussed in Lohr, plaintiffs did not fraudulently join defendants McGaughy and Johnson. Because plaintiffs do not allege that Long actively participated in the tortious conduct, plaintiffs fraudulently joined Long, and the court dismisses Long from this action. However, plaintiffs allege possible causes of action for trespass to real property, negligence, and negligent failure to warn against McGaughy and Johnson, who are North Carolina citizens. Thus, the remaining parties are not completely diverse. Accordingly, the court does not have subject-matter jurisdiction over the action and remands the action to Bladen County Superior Court. See Lohr, No. 7:20-CV-189-D, slip op. at 20; see, e.g., Gemini Ins. Co. v. Harrah's NC Casino Co., No. 5:19-CV-488-D, 2020 WL 4728118, at *2–5 (E.D.N.C. Aug. 14, 2020) (unpublished); cf. Higgs v. Brian Ctr. Health & Ret./Windsor, Inc., 367 F. Supp. 3d 439, 446–48 (E.D.N.C. 2019); Sampson v. Leonard, No. 4:10-CV-121-D, 2011 WL 129634, at *1–5 (E.D.N.C. Jan. 12, 2011) (unpublished); Capparelli v. AmeriFirst Home Improvement Fin. Co., 535 F. Supp. 2d 554, 558–61 (E.D.N.C. 2008).

III.

In sum, the court DISMISSES defendant Long and all claims against him and DISMISSES the private nuisance claim against defendants McGaughy and Johnson in count two of the complaint, but GRANTS plaintiffs' motion to remand due to the absence of complete diversity [D.E. 59]. The court REMANDS this action to Bladen County Superior Court. Defendants' motion to dismiss remains pending, and the Bladen County Superior Court can address the remainder of that motion on remand.

SO ORDERED. This 30 day of September, 2021.

JAMES C. DEVER III
United States District Judge

5